MAY, J.
Statutory construction and the art of pleading a claim for relief bring this case before the court. The trial court granted a partial summary judgment for the defendant on the survivor’s damage claims. By agreement with the defendant, the plaintiff voluntarily dismissed the estate’s damage claim without prejudice. The trial court entered a final judgment, from which the plaintiff appeals. We reverse.
The plaintiffs complaint alleged that the nursing home had violated her husband’s rights as a resident, under section 400.023, Florida Statutes (1999), resulting in his death. The plaintiff claimed damages for medical and funeral expenses on behalf of the estate, and damages for lost support and services, loss of companionship, and mental pain and suffering for the surviving spouse. While these damages are specifically enumerated in the Wrongful Death Act, the plaintiff did not use the words “Wrongful Death Act” in the original complaint.
On the eve of trial, the nursing home filed a motion for partial summary judgment. It argued that section 400.023, Florida Statutes (1999), limited claims to those on behalf of a resident and did not allow for survivor’s claims. It argued that the surviving spouse was not within the class of persons that the statute was intended to protect, had not suffered the type of injury that the statute was designed to prevent, and had no basis upon which to sustain her claim for survivor’s damages.
The trial court conducted a hearing on the motion for partial summary judgment on the first day of trial. When asked, plaintiffs counsel advised the trial court that the complaint was based only on chapter 400. Relying on this court’s opinion in First Healthcare Corp. v. Hamilton, 740 So.2d 1189 (Fla. 4th DCA 1999), rev. dismissed, 743 So.2d 12 (Fla.1999), the trial court granted the nursing home’s motion and struck all damage claims for the surviving spouse.
While on break following the ruling, the parties reached an agreement. The plaintiff agreed to voluntarily dismiss the estate’s claim for medical and funeral expenses without prejudice and allow a final judgment to be entered in favor of the nursing home to effectuate an appeal. Ten days after the hearing, but before the trial court entered the actual final judgment, the plaintiff attempted to amend the complaint. The amended complaint contained two counts. Both counts alleged claims for wrongful death, one based on a violation of rights under section 400.023, and the other based on simple negligence. The trial court denied the motion and entered the final judgment. The plaintiff moved for a rehearing to clarify that the original complaint sounded in wrongful death even though not specifically alleged. The trial court denied the motion.
At issue is whether the 1999 version of section 400.023, Florida Statutes (1999), allows the personal representative of a deceased nursing home resident to recover survivor’s damages under the Wrongful Death Act when the allegations of negligence are based on a violation of the resident’s rights as set forth in the statute. We hold that it does.
The 1999 version of section 400.023 provided:
Any resident whose rights as specified in this part are deprived or infringed upon shall have a cause of action against any licensee responsible for the viola *475 tion. The action may be brought by the resident or his or her guardian, by a person or organization acting on behalf of a resident with the consent of the resident or his or her guardian, or by the personal representative or the estate of a deceased resident when the cause of death resulted from the deprivation or infringement of the decedent’s rights. The action may be brought in any court of competent jurisdiction to enforce such rights and to recover actual and punitive damages for any deprivation or infringement on the rights of a resident.... The remedies provided in this section are in addition to and cumulative with other legal and administrative remedies available to a resident and to the agency.
§ 400.023, Fla. Stat. (1999). The nursing home convinced the trial court that the statute’s language and our decision in Hamilton prohibited the personal representative from pursuing a claim for surviv- or’s damages. We find neither the statute nor our opinion in Hamilton prohibit the plaintiff from seeking those damages.
The statute itself speaks only in terms of “damages” without specifying what they are. It merely states that a personal representative may bring an action when the cause of death results from the deprivation or infringement of the decedent’s rights. As this court held in Hamilton, “the elements of damages recoverable by the personal representative of a deceased nursing home resident whose death results from deprivation of the deceased’s rights are limited to those which a personal representative is specifically authorized to recover under the Wrongful Death Act.” Hamilton, 740 So.2d at 1197 (Fla. 4th DCA 1999). The Wrongful Death Act specifically defines damages to include those of the decedent’s survivors. § 768.21, Fla. Stat. (1999).
Unlike the plaintiff in Hamilton, the plaintiff in this case did not seek damages for the decedent’s pain and suffering prior to his death. Rather, the plaintiff sought damages for the surviving spouse’s pain and suffering. In Hamilton, we held “that the personal representative of a deceased nursing home resident, just as in the case of the personal representative of any deceased, may not recover damages for decedent’s pain and suffering arising from the same injuries causing death.” Id. at 1195 (emphasis added). That was not the issue before the trial court in this case and is not the issue before us now.
While not incorporating the words ‘Wrongful Death Act” in the original complaint, the plaintiffs itemized damages are nearly verbatim of those found in section 768.21, Florida Statutes (1999). Like Hamilton, the basis of the negligence was the violation of statutorily established rights belonging to the decedent under chapter 400. We find the plaintiffs original complaint validly alleged negligence based on rights enumerated in section 400.23, Florida Statutes (1999), and sought statutorily authorized damages under section 768.21, Florida Statutes (1999). The trial court erred when it entered a partial summary judgment in favor of the defendant on the survivor’s damage claims. The judgment is reversed and the case remanded for proceedings consistent with this opinion.
STONE, J„ and JACOBUS, BRUCE, Associate Judge, concur.